UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALDO E. DELROSARIO,<br><br>Plaintiff,<br><br>v.<br><br>PNC FINANCIAL SERVICES GROUP, INC.,<br><br>Defendant. | Case No.  1:25-cv-00376-KES-HBK<br><br>ORDER GRANTING STAY OF ACTION, MOOTING MOTION TO COMPEL ARBITRATION AND VACATING INITIAL SCHEDULING CONFERENCE<br><br>(Doc. Nos.  11, 13) |

On June 17, 2025, Plaintiff Ronaldo E. DelRosario filed a motion seeking a stay of this action pending completion of arbitration.  (Doc. No. 13).  Plaintiff advises that, pursuant to the arbitration agreement between the parties, a copy of which is attached to counsel's declaration (Doc. No. 13-1, Exhibit A), the parties have agreed to participate in arbitration.  As a result, Plaintiff contends that Defendant PNC Financial Services Group, Inc.'s motion to compel arbitration is moot.  Indeed, in the Parties' Joint Case Scheduling Report, Defendant notes "no initial disclosures should be exchanged or required because Plaintiff has initiated arbitration with JAMS, and discovery will be handled by the arbitrator."  (Doc. No. 14 at 4-5).

A court is vested with broad discretion to stay a case.  *Clinton v. Jones*, 520 U.S. 681, 705 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  The "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).  Generally, "stays should not be indefinite in

nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007). If a stay is especially long or indefinite, a greater showing is required to justify it and the court must "balance the length of any stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). Section 3 of the Federal Arbitration Act expressly provides that the Court "shall . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Thus, Plaintiff has met his burden to justify a stay of this action.

Accordingly, it is ORDERED:

1. Plaintiff's motion to stay (Doc. No. 11) is GRANTED and this action, including all discovery, is STAYED pending arbitration.
2. Defendant's motion to compel (Doc. No. 10) is MOOT.
3. Within fourteen (14) days of the issuance of the arbitrator's decision, the Parties shall notify the Court that arbitration proceedings have concluded and file a joint status report.
4. The Court vacates all hearing dates and related deadlines, including the July 3, 2025 Initial Scheduling Conference.

Dated:   June 25, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE